**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Veenaben Dhirubhai Patel, et. al., | No. CV-20-00229-PHX-DLR(DMF) |
| Petitioners, | **ORDER** |
| v. | |
| William P. Barr, et al., | |
| Respondents. | |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Deborah M. Fine (Doc. 55) regarding Petitioners' First Amended Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief ("First Amended Petition") (Doc. 25). The R&R recommends that Counts One through Four of the First Amended Petition be dismissed as moot; that Counts Nine through Eleven, Thirteen through Fifteen and Seventeen be dismissed without prejudice for lack of jurisdiction; that Counts Twelve, Sixteen, and Eighteen be denied; and that the stay of removal issued by the Court on January 31, 2020, remain in effect for thirty days following entry of judgment to permit Petitioners to file a petition for review, if they so choose.

The Magistrate Judge advised the parties that they had fourteen days from the date of service of a copy of the R&R to file specific written objections with the Court. Respondents filed an objection to the R&R on October 21, 2020. (Doc. 64.) Petitioners filed their response to those objections on November 4, 2020. (Doc. 70.) Petitioners filed

an objection to the R&R on October 28, 2020. (Doc. 68.) Respondents filed a response to Petitioners' objections on November 4, 2020. (Doc. 69.) The Court heard oral argument on March 30, 2021 and April 12, 2021. On April 12, 2021, Petitioners filed a Notice of Supplemental Authorities and Motion for Leave to Discuss the Supplemental Authorities' Relevance to These Proceedings. (Doc. 77.) On April 21, 2021, Respondents filed their Response. (Doc. 79.) On May 5, 2021, Petitioners filed their Reply. (Doc. 82.) The matter is fully briefed. Having considered the objections and reviewed the R&R *de novo*, *see* Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), the Court overrules all objections and adopts the R&R in its entirety.

## I.     Background

Petitioners are citizens of the United Kingdom who entered the United States in 1994 under the Visa Waiver Program ("VWP") for an authorized stay of ninety days but did not leave. In 2009, they were referred for removal proceedings. Fifteen years after they first arrived, on December 7, 2010, an Immigration Judge entered administrative removal orders against them. That same day, Immigration and Customs Enforcement ("ICE") issued orders of supervision permitting petitioners to continue residing in the United States, free from custody, and allowing them to obtain work authorization. On July 6, 2012, the Board of Immigration Appeals affirmed the Immigration Judge's decision.

ICE issued warrants for Petitioners' removal in March 2017, but their removal was temporarily stayed by the Ninth Circuit Court of Appeals after Petitioners filed petitions for review of their removal orders. On January 26, 2018, Petitioners filed applications for adjustment of status ("AOS") with United States Citizenship and Immigration Services ("USCIS"). In March 2018, the Ninth Circuit dismissed Petitioners' petitions for review.

After ICE, on April 6, 2018, directed Petitioners to surrender for removal, Petitioners submitted a request to have their removal orders withdrawn. ICE denied the request. Then, on September 25, 2019, USCIS denied Petitioners' applications for AOS. In January 2020, ICE again directed Petitioners to surrender for removal. Petitioners then filed new applications for AOS, Forms I-212 for waiver of removal, and their initial

petition in this action, and moved for injunctive and declaratory relief. The Court granted Petitioners a temporary restraining order, enjoining Respondents from removing Petitioners pending resolution of their motion for preliminary injunction request.

Petitioners were taken into ICE custody on February 10, 2020. Petitioners filed their First Amended Petition on April 3, 2020. On April 8, 2020, the Court denied without prejudice Petitioners' motion for preliminary injunction but continued the stay of removal. The Court also dismissed Counts Five through Eight without prejudice but permitted Petitioners to present those counts in a separate action. Petitioners were released from custody under orders of supervision on April 15, 2020, and June 30, 2020.

## II.     Petitioners' Objections to the R&R

The Court reviews *de novo* those portions of an R&R to which specific objections are raised. 28 U.S.C. § 636(b)(1). The Court's task has been made more difficult by the fact that Petitioners' objection largely reiterates all of the arguments they made previously to the Magistrate Judge in support of their First Amended Petition. Such an approach defeats the efficiencies intended by the Magistrate Judge referral process. Nonetheless, the Court, in the course of its review, has considered all of the arguments raised by Petitioners and rejects them.

### A.  Counts One through Four are moot

The R&R addressed Counts One through Four as they related to the Petitioners' conditions of detention at the time the First Amended Petition was filed. Petitioners argue that the R&R should have considered their release from detention under supervision as "custody" for purposes of habeas corpus jurisdiction. They argue that custody is broader than detention and does not require physical confinement. (Doc. 68 at 9.)

All four of the relevant counts identify "Detention" in their caption and specifically argue for release from detention because of the process by which Petitioners were placed into detention. (Doc. 25 at 63-65.) The R&R correctly recognized that, at the time Petitioners filed the First Amended Petition, they were detained by ICE and for that reason the Court had jurisdiction over the claims asserted in Counts One through Four. The R&R

also correctly found that the allegations in Counts One through Four are now moot because Petitioners have been released from ICE detention under orders of supervision. *See Nsinano v. Barr*, 808 Fed. App'x 554, 555 (9th Cir. 2020). The Court has no basis to enter an order that prospectively bars re-confinement, to the extent that Petitioners are seeking such relief, and if Petitioners' conditions of release amount to "custody" for purposes of habeas corpus, the objection raises claims different from those in the First Amended Petition. Petitioners' objection to the R&R's recommendations pertaining to Counts One through Four is overruled.

### B. Petitioners waived their right to assert their non-detention-related claims

The R&R correctly found, based on controlling Ninth Circuit precedent, that Petitioners have waived their claims that they should not be removed until they have obtained adjudication of their applications for AOS. *See Binham v. Holder*, 637 F.3d 1040, 1043-44 (9th Cir. 2011); *Momeni v. Chertoff,* 521 F.3d 1094, 1096-97 (9th Cir. 2008); *Handa v. Clark,* 401 F.3d 1129, 1133-35 (9th Cir. 2005). When they entered the United States through the VWP, Petitioners agreed to waive their rights to "contest, other than on the basis of an application for asylum, any action for removal[.]"  8 U.S.C. § 1187(b)(2). This waiver is the "linchpin" of the VWP, which "assures that a person who comes with a VWP visa will leave on time and will not raise a host of legal and factual claims to impede his removal if he overstays." *Handa,* 401 at 1135. Accordingly, because Petitioners did not file their AOS applications or applications for provisional waivers during the ninety-day visitation period permitted under the VWP, they may not now contest their removal on the basis that their applications have not been adjudicated. The R&R correctly followed Ninth Circuit precedent, and Petitioners' objections to the R&R's findings that they waived their rights to challenge their removal based on pending AOS applications is overruled.

### C. The Court lacks jurisdiction over Petitioners' removal-based claims

Under 8 U.S.C. § 1252(a)(5), "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for review of an order of removal entered or issued under any provision of this chapter[.]" Further, §

- 4 -

1252(g) provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."

The R&R found that the Court lacks jurisdiction to decide whether Petitioners have the right to postpone removal while they seek to adjust their status and over their claims related to their applications for provisional waivers. In reaching that determination, the R&R followed Ninth Circuit precedent. Specifically, in *Bingham*, the Ninth Circuit found that, although a VWP entrant waives the right to contest removal except on the basis of asylum, a VWP entrant nonetheless may "invoke § 1252(a) to challenge a final order of removal on the basis that he or she is not at all subject to the VWP regime." 637 F.3d at 1043. And in *Momeni*, the Ninth Circuit stated that "there are no administrative proceedings available for entrants under the Visa Waiver Program except on the basis of asylum," and explained that a VWP entrant cannot avoid the implications of his waiver by overstaying and then applying for AOS. 521 F.3d at 1095-97. The R&R correctly determined that, at bottom, Petitioners are challenging their removal orders on a basis other than asylum. As VWP entrants, Petitioners waived the right to postpone their removal while they pursue AOS.

Petitioners object to the R&R's determination that § 1252(a)(5) deprives the Court of jurisdiction over their claims related to their AOS and provisional waiver applications. Petitioners assert that their claims are independent of removal proceedings and therefore the jurisdictional bar of the REAL ID Act is inapplicable. The essence of Petitioners' objection is that the Ninth Circuit's decisions in *Momeni* and *Bingham* were wrongly decided, and that a November 14, 2013 USCIS policy memorandum addressing "Adjustment of Status Applications for Individuals Admitted to the United States Under the Visa Waiver Program" ("PM-602-0093") corrects the Ninth Circuit's misunderstanding. (Doc. 68 at 26.) PM-602-0093 provided that the Secretary of Homeland Security, through USCIS, would adjudicate untimely applications by VWP

entrants who were outside their ninety-day period of lawful presence, unless the alien was subject to an outstanding order of removal.

In support, Petitioners cite to a brief filed by a former United States Acting Solicitor General ("SG")—Brief for the Respondent in Opposition' to petitioner Heathcliffe John Bradley's Petition for a Writ of Certiorari to the United States Court of Appeals for the Third Circuit in *Bradley v. Holder*, 562 U.S. 1135 (2011)—interpreting the language of 8 U.S.C. § 1255 as it pertains to a VWP's application for AOS beyond ninety days and in the face of a removal order.  (Doc. 77-1.)  The SG's brief contains the SG's interpretation of the VWP's no-contest clause, 8 U.S.C. § 1187(b), and its position as to a VWP entrant's continued statutory eligibility for AOS beyond ninety days after entry and despite an order of removal.  According to the SG's brief:

> The two statutes address different points.  Section 1255(a) and (c)(4) governs a VWP alien's eligibility to seek adjustment of status generally; Section 1187(b)(2) specifically controls a VWP alien's ability to seek immigration benefits other than asylum *in removal proceedings*.  Because a VWP alien who is an immediate relative may seek adjustment of status *outside* removal proceedings—in the manner specified "under [DHS] regulations," 8 U.S.C. § 1255(a)—there is no conflict between the two statutes.

(Doc. 77-1 at 15 (emphasis in original).)  The SG's brief contends that AOS is a discretionary action by the Secretary of Homeland Security, that "[t]he exercise of discretion to adjust an alien's status is 'a matter of grace, not right[,]'" *Id.* at 9 (quoting *Elkins v Moreno*, 435 U.S. 647, 667 (1978)), and that "[i]mmediate relatives therefore are subject to the general rule that DHS *may* grant adjustment of status, 'in [its] discretion and under such regulations as [it] may prescribe,'" *Id.* at 14 (quoting 8 U.S.C. 1255(a)) (emphasis and alterations in original).

The SG's brief can be read to support the position Petitioners assert here: that the no-contest clause does not waive the right to seek benefits outside of removal proceedings after the ninety-day period of authorized stay.  But this Court is bound by precedential decisions of the Ninth Circuit and Supreme Court, not by positions taken by the SG in a brief.  The Ninth Circuit has spoken on this issue and has ruled that an AOS application

after the ninety-day visitation period has expired results in an "avoidable conflict" between the AOS statute and the VWP no-contest provision. *Momeni*, 521 F.3d at 1097. The R&R correctly applied *Momeni* and *Bingham* to find that Petitioners waived their rights to contest a removal action other than on the basis of asylum. Petitioners' objection to the R&R's determination that the Court lacks jurisdiction over the claims in Counts Nine, Ten, Eleven, Thirteen, Fourteen, Fifteen, and Seventeen is overruled.

### D. Petitioners' due process and Administrative Procedures Act ("APA") claims are inextricably linked to their removal orders

In *Martinez v. Napolitano,* 704 F.3d 620, 622 (9th Cir. 2012), the Ninth Circuit determined "[t]he exclusive means to challenge an order of removal is the petition for review process." A court may consider claims that are independent of challenges to removal orders, but "[w]hen a claim by an alien, however it is framed, challenges the procedure and substance of an agency determination that is 'inextricably linked' to the order of removal, it is prohibited by § 1252(a)(5)." *Id* at 623. The Ninth Circuit also stated that it was joining the Second Circuit's holding in *Delgado v. Quarantillo*, 643 F.3d 62, 55 (2d Cir. 2011) in prohibiting APA claims "that indirectly challenge a removal order." *Id.* at 622. Applying *Martinez*, the R&R correctly determined that Petitioners' APA and due process claims are inextricably linked to their removal orders, such that the Court lacks jurisdiction to consider them in the context of a habeas petition. *See also Em v. Whitaker*, No. CV-18-04279-PHX-DWL (JZB), 2018 WL 6663437, at *3 (D. Ariz. Dec. 19, 2018). The R&R also correctly noted that the Ninth Circuit in *Riera-Riera v. Lynch*, 841 F.3d 1077, 1080 (9th Cir. 2016) found that a VWP-entrant's due process rights to pursue an application for AOS are adequately accommodated by the restrictions of the VWP waiver.

In arguing otherwise, Petitioners rely on *Singh v. Gonzales*, 499 F.3d 969 (9th Cir. 2007), but *Singh* is distinguishable. In *Singh*, the district court had jurisdiction over a "narrow" ineffective assistance of counsel claim when the only remedy was restarting the thirty-day period for filing a petition for review with the Ninth Circuit. *Id*. at 979. Here, however, Petitioners request a stay of their removal orders until their applications for AOS

and provisional waivers are resolved. Petitioners have cited no authority extending *Singh* to this context. Petitioners' objections on this point therefore are overruled.

### E. PM-602-0093 does not provide Petitioners relief

The R&R correctly determined that, by its own terms, PM-602-0093 offers Petitioners no relief because they were subject to orders of removals. Moreover, PM-602-0093 states that it "was not intended to, does not, and may not be relied upon to create any right or benefit, substantive or procedural, enforceable at law or by any individual or other party in removal proceedings, in litigation with the United States, or in any other form or matter." (Doc. 55 at 15.)

Relying on *DHS v. Regents of the University of California*, 140 S.Ct. 1891 (2020), Petitioners argue that they have a right to rely on PM-602-0093 despite its disclaimer. In *DHS*, the Supreme Court found that similar disclaimer language did not automatically preclude reliance but remained relevant to assessing the strength of any reliance interests. The reliance interests in *DHS* were significant:

> [S]ince 2012, DACA recipients have "enrolled in degree programs, embarked on careers, started businesses, purchased homes, and even married and had children, all in reliance" on the DACA program. The consequences of the rescission, respondents emphasize, would "radiate outward" to DACA recipients' families, including their 200,000 U.S.-citizen children, to the schools where DACA recipients study and teach, and to the employers who have invested time and money in training them. In addition, excluding DACA recipients from the lawful labor force may, they tell us, result in the loss of $215 billion in economic activity and an associated $60 billion in federal tax revenue over the next ten years. Meanwhile, States and local governments could lose $1.25 billion in tax revenue each year.

140 S.Ct. at 1914 (internal citations omitted). Merely applying for AOS and paying the filing fees, however, does not create the kind of reliance interests the Supreme Court found relevant in *DHS*. The Court finds that the R&R correctly determined that PM-602-0093 did not change the consequences of the VWP waiver.

### F. Petitioners' claims under the APA do not establish jurisdiction

The R&R correctly found that because the VWP expressly precludes judicial

- 8 -

review, the principle that agency actions are reviewable under federal question jurisdiction is inapplicable to Petitioners' claims. *See Allen v. Milas*, 896 F.3d 1094, 1103 (9th Cir. 2018); *Zhang v. United States*, No. C19-1211-RSM, 2020 WL 2114500, at *3 (W.D. Wash. May 4, 2020).

**G. The Suspension Clause does not provide relief**

Petitioners argue that "*Momeni* stands for the proposition that the Court must find jurisdiction otherwise a Suspension Clause violation would result." (Doc. 68 at 40.) However, the R&R correctly points out that *Momeni* did not find that it had jurisdiction. It found jurisdiction was "arguable," and then assumed, for purposes of the case, that the scope of its jurisdiction included the VWP entrant's claim that he was allowed to remain in the United States to pursue AOS "in order to avoid the constitutional argument raised by [the petitioner] that the REAL ID Act could not deprive the courts of habeas jurisdiction without violating the Suspension Clause." *Momeni*, 521 F.3d at 1096. *Momeni* does not support Petitioners' claim that a Suspension Clause violation occurs if the Court does not find jurisdiction.

Neither the Supreme Court nor any federal circuit court of appeals has directly considered the application of the Suspension Clause to the removal of a VWP entrant. However, in *Ferry v. Gonzales*, the Tenth Circuit Court of Appeals found that, by signing the VWP waiver, the petitioner had "received all of the due process to which he was entitled." 457 F.3d 1117, 1129 (10th Cir. 2006). And in *Riera-Riera,* the Ninth Circuit found that "the restrictions of the VWP comport with whatever due process such admittees are entitled." 841 F.3d at 1080. These cases indicate that, even though a VWP entrant is unable to bring her claim on removability in federal district court, the Suspension Clause is not violated because of the willing and knowing waiver of the right to pursue an action to contest removal.

Notably, Petitioners' objection does not address the R&R's reference to *Swain v. Pressley*, 430 U.S. 372 (1977) and its conclusion that jurisdiction rests with the Ninth Circuit. Petitioners have not established that a petition for review filed in the Ninth Circuit

would not provide an adequate opportunity for review of their challenge to removal. The Court therefore accepts the R&R's recommendation and finds that it lacks jurisdiction to review Petitioners' removal-based claims pursuant to § 1252(a)(5) and that jurisdiction for judicial review rests with Ninth Circuit.

### H. Petitioners do not have a right to relief under the Mandamus Act

The Mandamus Act is inapplicable to these facts. It grants district courts "original jurisdiction of any action . . . to compel an officer or employee of the United States or any agency to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The R&R correctly determined that Petitioners may contest their removal only based on an application for asylum. 8 U.S.C. § 1187(b)(2). PM-602-0093 does not provide a basis for mandamus relief. Petitioners were subject to final orders of removal when they filed their applications for adjustment of status. PM-602-0093 prevents Petitioners from qualifying for discretionary adjustment of status filed after the ninety-day visitation period. Petitioners have not established a clear and certain claim for relief and are therefore not entitled to the extraordinary remedy of mandamus.

### III. Respondents' objection to the R&R

Respondents object to the R&R's recommendation that the Court's January 31, 2020, stay of removal remain in effect for thirty days following entry of judgment. This objection is overruled. An order staying removal for thirty days beyond entry of judgment to allow time for an appeal to the Ninth Circuit is within the powers of the Court. Fed. R. Civ. P. 62; *Nken v. Holder*, 556 U.S. 418, 421 (2009).

**IT IS ORDERED** that the R&R (Doc.55) is **ACCEPTED**.

**IT IS FURTHER ORDERED** that Counts One through Four of the First Amended Petition are dismissed as moot; Counts Nine through Eleven, Thirteen through Fifteen, and Seventeen are dismissed without prejudice for lack of jurisdiction; and Counts Twelve, Sixteen, and Eighteen are denied.

**IT IS FURTHER ORDERED** that the Court's January 31, 2020 stay of removal (Docs. 6, 28) remain in effect for thirty days following entry of judgment to permit

Petitioners, if they so choose, to file a petition for review with the Ninth Circuit Court of Appeals.

**IT IS FURTHER ORDERED** that the Clerk of the Court enter judgment accordingly and terminate this case.

Dated this 6th day of October, 2021.

_____
Douglas L. Rayes
United States District Judge

- 11 -